RECEIVED
IN MONROE, LA
APR 21 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| ROY E. FURLOW | CIVIL ACTION NO. 09-1125 |
| VERSUS | JUDGE ROBERT G. JAMES |
| SEAN B. SUDDUTH, ET AL. | MAG. JUDGE KAREN L. HAYES |

RULING

Pending before the Court is Defendants Sean B. Sudduth ("Sudduth"), Univar USA, Inc. ("Univar"), and American Home Assurance Co.'s ("AHAC") Motion for Summary Judgment [Doc. No. 17] against Plaintiff Roy E. Furlow. For the following reasons, the Motion is DENIED.

I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of a collision between a tractor-trailer and a bicycle. The collision occurred on October 3, 2007, at the intersection of Jonesboro Road ("Jonesboro") and Wheelis Street ("Wheelis") in West Monroe, Louisiana.[1]

Plaintiff alleges that, immediately preceding the accident, he was riding a bicycle southbound on or beside Jonesboro. Sudduth was driving a tractor-trailer westbound on Wheelis, and Plaintiff alleges that Sudduth negligently hit the back wheel of Plaintiff's bicycle when Sudduth turned right onto Jonesboro. As a result, Plaintiff was injured, and his bicycle was damaged. .

On September 18, 2008, Plaintiff filed suit against Defendants in state court, asserting claims under LA. CIV. CODE art. 2316 against Sudduth and under LA. CIV. CODE art. 2317 against Univar

---

[1] Jonesboro (State Highway 34) is a four-lane road; two lanes run northbound and two lanes run southbound. Wheelis is a two-lane road; one lane runs eastbound and one lane runs westbound. The two roads form a "T-intersection." Westbound travelers on Wheelis encounter a stop sign at the intersection with Jonesboro and must either turn right or left onto Jonesboro.

and Univar's insurer, AHAC. On July 8, 2009, the case was removed to this Court on the basis of diversity jurisdiction.

On March 11, 2010, Defendants filed a Motion for Summary Judgment. [Doc. No. 17]. Plaintiff filed a Response, and Defendants filed a Reply. [Doc. Nos. 21 & 22].

The parties have consented to a bench trial which is scheduled to begin on July 12, 2010.

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2). The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477

U.S. at 255.

## B. Negligence

Defendants assert that Plaintiff has failed to produce evidence that Sudduth was negligent. Louisiana courts adhere to "[t]he generally accepted view [] that negligence is defined as conduct which falls below the standard established by law for the protection of others against an unreasonable risk of harm." *Dobson v. La. Power & Light Co.*, 567 So.2d 569, 574 (La. 1990).

Plaintiff stated in deposition testimony that Sudduth's front bumper hit the back wheel of Plaintiff's bicycle. Plaintiff's account of the collision suggests that Sudduth may have had an opportunity to avoid the collision by exercising due care. Viewing the evidence in the light most favorable to Plaintiff, the Court draws the reasonable inference that Sudduth failed to exercise due care. Therefore, there remains a genuine issue of material fact whether Sudduth was negligent.

## III. CONCLUSION

Accordingly, Defendants' Motion for Summary Judgment is DENIED.

MONROE, LOUISIANA, this 21 day of April, 2010.

ROBERT G. JAMES
UNITED STATES DISTRICT COURT

3